[No. B055014. Second Dist., Div. Five. June 23, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK DWAYNE HARVEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III and IV.

**COUNSEL**

Marilee Marshall for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, John R. Gorey and Kenneth C. Byrne, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ASHBY, J.**—By jury trial appellant Patrick Dwayne Harvey was convicted of assault with a deadly weapon and by means of force likely to produce

great bodily injury (Pen. Code, § 245, subd. (a)(1)) and the jury found true that appellant intentionally inflicted great bodily injury. (Pen. Code, § 12022.7.)

Appellant and the victim, Marcel Jeter, were coworkers at a fast food restaurant. During an argument appellant threw hot grease from a fryer onto the victim's face.

Appellant appeals from the judgment, contending (1) the evidence is insufficient to support the finding of intentional infliction of great bodily injury under Penal Code section 12022.7; (2) appellant's statement to a police officer was erroneously admitted in violation of *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]; and (3) the trial court prejudicially erred in instructing the jury with CALJIC No. 2.62. We affirm. In the published portion of this opinion we uphold the finding of intentional infliction of great bodily injury. In the nonpublished portion we conclude appellant was not in custody so as to require *Miranda* warnings be given, and any error in instructing with CALJIC No. 2.62 was harmless.

I

FACTS

We summarize the evidence in the light most favorable to the jury's verdict, giving the judgment the benefit of every reasonable inference and resolving all conflicts in the evidence in support of the judgment. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; *Wilks* v. *Mouton* (1986) 42 Cal.3d 400, 408 [229 Cal.Rptr. 1, 722 P.2d 187]; *People* v. *Torres* (1990) 218 Cal.App.3d 700, 705 [267 Cal.Rptr. 213].)

Appellant and the victim worked in the kitchen of a Carl's Jr. restaurant the night of September 3, 1989. When appellant came on duty about 7 p.m., appellant took offense at a remark by the victim; appellant threatened to fist fight, but no fight took place at that time. About 9 p.m. the victim, Jeter, was transferring grease from one fryer to another in a pan when Jeter accidentally spilled some on the floor which splattered in appellant's direction. Appellant turned around, cursed at Jeter, advanced on Jeter and kicked the pan out of Jeter's hand. When Jeter grabbed a broom handle and held it in a defensive position, appellant stopped. During the next two hours appellant and Jeter made constant taunts and comments to each other.

About 11 p.m. appellant dipped a metal condiment container into the grease in the hottest fryer and placed the container on a handy shelf. The

victim entered the walk-in freezer and came out carrying a box of onion rings. Appellant took the container of hot grease, said "[h]ow do you like it now?" and threw the hot grease at the victim's face. The grease splattered the victim's face, hair, nose, mouth, neck, and chest.

The victim ran to the local sheriff's station a block away; later he went to a hospital emergency room where he was required to lie down for a few hours, and bandages and antibiotic ointments were applied. Hospital records indicated the victim suffered second degree burns. Photos of the victim taken the next day were admitted into evidence. These graphically showed the discoloration, swelling and blistering skin about the victim's face, neck and chest. During the first week the victim had to go back to the hospital every other day for treatment to prevent infection which could have resulted in loss of an ear. Thereafter he had to return to the hospital once a week for about a month.

The jury rejected appellant's claim of self-defense.

## II

### INTENTIONAL INFLICTION OF GREAT BODILY INJURY

Penal Code section 12022.7 provides in pertinent part: "Any person who, with the intent to inflict such injury, personally inflicts great bodily injury on any person . . . in the commission or attempted commission of a felony [shall be punished by an additional consecutive term of three years]. [¶] As used in this section, great bodily injury means a significant or substantial physical injury."

Appellant contends the evidence is insufficient to show that appellant intended to inflict great bodily injury or that the victim suffered significant or substantial physical injury. There is no merit to these contentions.

The jury was instructed under CALJIC Nos. 17.20 and 2.02, consistent with *People* v. *Phillips* (1989) 208 Cal.App.3d 1120, 1123-1124 [256 Cal.Rptr. 654], cited by appellant, that violation of Penal Code section 12022.7 requires the specific intent to inflict the requisite injury, and that such specific intent may be shown by the circumstances surrounding the commission of the act.

As stated in *People* v. *Phillips, supra,* 208 Cal.App.3d at page 1124, "where one applies force to another in a manner reasonably certain to produce, and actually producing, great bodily injury, the requisite intent can be presumed, since the intent with which an act is done may be inferred from

the circumstances attending the act, including the manner in which the act was done and the means used." Here the jury could reasonably infer appellant intended the natural and probable consequences of throwing hot grease from a commercial fryer at a person's face. From the testimony of appellant's supervisor that appellant wore a grease-proof protective apron, the jury could also infer appellant was aware of the dangerous consequences. In addition, from the several hours of bickering which preceded the incident and appellant's contemporaneous statement "how do you like it now?" the jury could infer appellant's vengeful motive to cause great bodily injury; appellant also told the arresting officer he did it "to get [back at Jeter] for Mr. Jeter throwing . . . hot oil onto him" earlier in the evening.

■ There is no merit to appellant's next contention that the victim's injuries were not significant or substantial within the meaning of Penal Code section 12022.7. Whether the harm resulting to the victim constitutes great bodily injury is a question of fact for the jury, whose verdict will be sustained if based on substantial evidence. *(People* v. *Wolcott* (1983) 34 Cal.3d 92, 107 [192 Cal.Rptr. 748, 665 P.2d 520]; *People* v. *Jaramillo* (1979) 98 Cal.App.3d 830, 836 [159 Cal.Rptr. 771].) This case is not like *People* v. *Caudillo* (1978) 21 Cal.3d 562, 588 [146 Cal.Rptr. 859, 580 P.2d 274], cited ⋅ by appellant, where two superficial lacerations that required no suturing, and the gagging, spitting, vomiting, and bowel evacuation associated with oral copulation and sodomy were described as "transitory" and "superficial, with no indication of any permanent, protracted or visible disfigurement."

In order to constitute significant or substantial injury, the damage need not be permanent. *(People* v. *Muniz* (1989) 213 Cal.App.3d 1508, 1520 [262 Cal.Rptr. 743] [injuries, while not permanent, were more than merely transitory; victim's bruises lasted four months]; *People* v. *Johnson* (1980) 104 Cal.App.3d 598, 609 [164 Cal.Rptr. 69] ["[i]t is common knowledge that a bone fracture is not merely a transitory bodily distress, but a severe and protracted injury which causes significant pain and requires considerable time to heal"]; *People* v. *Kent* (1979) 96 Cal.App.3d 130, 136 [158 Cal.Rptr. 35] [broken hand].)

Here, although the injuries apparently were not permanent, they were protracted and far from transitory. The victim suffered blistering second degree burns. (See *People* v. *Sanchez* (1982) 131 Cal.App.3d 718, 733 [182 Cal.Rptr. 671] [multiple abrasions, numerous bruises, and swelling].) There was visible discoloration and disfigurement for a month at least. (See *People* v. *Jaramillo, supra*, 98 Cal.App.3d at p. 836 [contusions, swelling, and severe discoloration visible the day after infliction]; *People* v. *Muniz, supra*, 213 Cal.App.3d at p. 1520 [bruises lasted four months].) The injuries

required repeated medical treatments for at least a month. (See *People* v. *Johnson*, *supra*, 104 Cal.App.3d at p. 609 [bone fracture requires considerable time to heal].) The evidence amply supports the implied finding of significant or substantial injury.

### III, IV*

. . . . . . . . . . . . . . . . . . . . . . . . .

### V

The judgment is affirmed.

Turner, P. J., and Boren, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 3, 1992.

---

*See footnote, *ante*, page 823.