2 Cal.Rptr.3d 548 (2003)
110 Cal.App.4th 1495
In re Myron Eric CRUSE, on Habeas Corpus.
No. B164036.
Court of Appeal, Second District, Division Five.
July 31, 2003.
Rehearing Denied August 12, 2003.
Jonathan B. Steiner, Los Angeles, and Richard Fitzer, under appointments by the Court of Appeal, for Petitioner.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Robert F. Katz, *549 Supervising Deputy Attorney General, William T. Harter, Deputy Attorney General, for Respondent.
TURNER, P.J.
Defendant, Myron Eric Cruse, has filed a habeas corpus petition challenging his conviction for possession of marijuana for purposes of sale resulting from a guilty plea and an admission that he previously had been convicted in 1986 of a violent or serious felony within the meaning of Penal Code[1] sections 667, subdivisions (b) through (i), 667.5, subdivision (c), 1170.12, and 1192.7, subdivision (c). Defendant contends that he was denied effective representation by his attorney, Lupe Oronoz-Crawford, before entering his guilty plea because he was misadvised as to whether an alleged prior serious felony conviction would have subjected him to enhanced potential life sentencing pursuant to sections 667, subdivision (e)(2)(A)(ii) and 1170.12, subdivision (c)(2)(A)(ii). We now conclude: Ms. Oronoz-Crawford correctly concluded defendant was facing a potential life term if he was convicted after a trial; both prior felony convictions which arose out of a 1986 sexual assault case were serious felonies because defendant personally inflicted great bodily injury on the victim by breaking her jaw; the fact that the victim's jaw was broken and he therefore inflicted great bodily injury within the meaning of section 1192.7, subdivision (c)(8) was proven by her 1986 preliminary hearing testimony; and an unsworn and unauthenticated medical report which was not received in evidence in 1986 and unsupported by any foundation to support a finding the document falls within an exception to the hearsay rule was inadmissible to contradict the victim's testimony that her jaw was broken. We therefore deny the petition.
Charged with cocaine possession in violation of Health and Safety Code section 11350, subdivision (a), there were two alleged prior convictions which subjected defendant to enhanced sentencing pursuant to sections 667, subdivision (e)(2)(A)(ii) and 1170.12, subdivision (c)(2)(A)(ii). It was alleged defendant had previously been convicted in 1986 of violations of sections 245, subdivision (a)(1) and 288a, subdivision (f). Defendant's attorney, Ms. Oronoz-Crawford, advised defendant that if both of the alleged prior violent or serious convictions allegation were sustained he would be subject to a potential 25-year-to-life sentence. Ms. Oronoz-Crawford also knew that in assessing whether the offenses were qualifying crimes, the trier of fact could review the preliminary hearing transcript of the 1986 case. She further knew that the preliminary hearing transcript of the 1986 case revealed that the victim's jaw was personally broken by defendant as part of the sexual assault.
In assessing defendant's ineffective assistance of counsel argument, we apply the established rules for viewing the constitutional effectiveness of criminal defense lawyers. (Strickland v. Washington (1984) 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674; People v. Carter (2003) 30 Cal.4th 1166, 1211, 135 Cal.Rptr.2d 553, 70 P.3d 981.) The California Supreme Court has held that in evaluating whether a prior conviction is a serious offense, it is permissible to review the preliminary examination transcript. (People v. Reed (1996) 13 Cal.4th 217, 224-231, 52 Cal.Rptr.2d 106, 914 P.2d 184; People v. Garrett (2001) 92 Cal.App.4th 1417, 1433, 112 Cal.Rptr.2d 643.) The preliminary hearing transcript of the 1986 case indicates that the victim's jaw was personally broken by defendant. When her jaw was broken, she suffered great bodily injury within the meaning of *550 section 12022.7, subdivision (f). People v. Escobar (1992) 3 Cal.4th 740, 750, 12 Cal. Rptr.2d 586, 837 P.2d 1100 [extensive bruises and abrasions to the victim's legs, knees, and elbows plus injury to her neck and the soreness in her vaginal area which impaired her ability to walk]; People v. Harvey (1992) 7 Cal.App.4th 823, 827, 9 Cal.Rptr.2d 17 [nonpermanent hot grease injuries causing protracted discomfort]; People v. Johnson (1980) 104 Cal.App.3d 598, 608, 164 Cal.Rptr. 69 [bone fracture]; People v. Jaramillo (1979) 98 Cal.App.3d 830, 836, 159 Cal.Rptr. 771 [multiple contusions over a child's body causing swelling and severe discoloration with accompanying pain].)
When a defendant inflicts great bodily injury during the commission of a felony, as occurred in 1986, the resulting crime is a serious offense. Section 1192.7, subdivision (c)(8) states: "`[S]erious felony' means ...: [¶] ... (8) any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice...." The fact that the 1986 offenses did not include a great bodily injury finding is irrelevant. As Reed explains, parts of section 1192.7 refer to conduct rather than specific crimes. (People v. Reed, supra, 13 Cal.4th at p. 223, 52 Cal.Rptr.2d 106, 914 P.2d 184["[W]e implemented the intent of the electorate in including, within section 1192.7, terms that referred to conduct rather than to a specific crime"]; People v. Guerrero (1988) 44 Cal.3d 343, 355, 243 Cal.Rptr. 688, 748 P.2d 1150 ["To allow the trier of fact to look to the entire record of the conviction is certainly reasonable: it promotes the efficient administration of justice and, specifically, furthers the evident intent of the people in establishing an enhancement for `burglary of a residence'a term that refers to conduct, not a specific crime"]; see People v. Murphy (2001) 25 Cal.4th 136, 145, 105 Cal.Rptr.2d 387, 19 P.3d 1129; In re Jensen (2001) 92 Cal.App.4th 262, 267, 111 Cal.Rptr.2d 751.) Section 1192.7, subdivision (c)(8) refers to any felony in which the accused personally inflicts great bodily injury; there is no requirement that a section 12022.7, subdivision (a) great bodily injury finding be returned. This is in contrast to the requirement in the case of a section 667.5, subdivision (c) violent felony premised upon the infliction of great bodily injury. Section 667.5, subdivision (c)(8) explicitly requires that the alleged great bodily injury be charged and found to be true by the trier of fact in order for any enhancing effect to occur.[2] Ms. Oronoz-Crawford correctly advised defendant that both 1986 convictions were in fact serious offenses as a matter of law. We need not address the issue as to whether the section 288a, subdivision (f) violation was a violent or serious felony because defendant used force and violence during the commission of the offense.
Defendant asserts though that Ms. Oronoz-Crawford should have argued that the 1986 offenses were not in fact serious felonies. Defendant relies on a noncertified and unsworn medical report found in the 1986 superior court file which states that "no definite fracture ... or other abnormality" was observed by Dr. Mark Stein, a radiologist on March 24, 1986. The report, which bears the victim's name, further states: "IMPRESSION: NO DEFINITE ABNORMALITIES." The Attorney General argues that the unsworn and noncertified report is inadmissible on *551 the issue of whether great bodily was sustained by the victim in 1986. We agree.
In People v. Reed, supra, 13 Cal.4th at page 223, 52 Cal.Rptr.2d 106, 914 P.2d 184, the Supreme Court synthesized its rule concerning what may be considered in assessing whether a prior conviction may be used to enhance a sentence as follows: "[T]he trier of fact may look to the entire record of conviction to determine the substance of the prior conviction." (People v. Guerrero (1988) 44 Cal.3d 343] 355, 243 Cal.Rptr. 688, 748 P.2d 1150.)" See People v. Martinez (2000) 22 Cal.4th 106, 118, 91 Cal.Rptr.2d 687, 990 P.2d 563.) Nonetheless, in order for a portion of the "entire record of conviction" as that term is used in Reed to be considered, it must be admissible evidence. For example in Reed, the Supreme Court explained that the preliminary examination testimony of the victim and a witness of the prior aggravated assaults were admissible as prior recorded hearsay pursuant to Evidence Code section 1291. In Reed, the Supreme Court noted the rule adopted in Guerrero prohibited live testimony as to the nature of the conduct which gave rise to the prior conviction. The Supreme Court concluded the witnesses to the prior aggravated assault were unavailable within the meaning of Evidence Code section 240 thereby rendering their preliminary hearing testimony admissible hearsay pursuant to Evidence Code section 1291. (People v. Reed, supra, 13 Cal.4th at pp. 220, 223-230, 52 Cal.Rptr.2d 106, 914 P.2d 184.) By contrast, in Reed the Supreme Court held that excerpts from a probation report were inadmissible hearsay. (Id. at pp. 230-231, 52 Cal.Rptr.2d 106, 914 P.2d 184; accord, People v. Mumm (2002) 98 Cal. App.4th 812, 816, fn. 3, 120 Cal.Rptr.2d 18 [probation report's recitation of the defendant's statements inadmissible hearsay and unavailable to prove character of prior conviction].) In Reed the Supreme Court synthesized why the preliminary examination transcript testimony was admissible but the probation report was not as follows: "We conclude the preliminary hearing transcript excerpts were not inadmissible hearsay because they came within the former-testimony exception to the hearsay rule (Evid.Code, § 1291). The probation report fragment, however, was inadmissible because it contains hearsay that has not been shown to be within any exception to the hearsay rule (Evid.Code, § 1200)." (People v. Reed, supra, 13 Cal.4th at p. 220, 52 Cal.Rptr.2d 106, 914 P.2d 184.) In People v. Woodell (1998) 17 Cal.4th 448, 458, 71 Cal.Rptr.2d 241, 950 P.2d 85, the Supreme Court set forth the general rule pertinent to hearsay and proof of the character of a prior conviction as follows, "The normal rules of hearsay generally apply to evidence admitted as part of the record of conviction to show the conduct underlying the conviction. (People v. Reed supra, 13 Cal.4th 217, 52 Cal.Rptr.2d 106, 914 P.2d 184.)"
In this case, Dr. Stein's uncertified and unsworn hearsay statement is not part of the admissible "record of conviction" which may be used to prove in this case whether the victim in the 1986 sexual assault case suffered great bodily injury. A physician's report may be admissible hearsay as a business record if it is properly authenticated and a suitable foundation is presented. (Phillips v. G.L. Truman Excavation Co. (1961) 55 Cal.2d 801, 809-810, 13 Cal. Rptr. 401, 362 P.2d 33; McDowd v. Pig'n Whistle Corp. (1945) 26 Cal.2d 696, 700-701, 160 P.2d 797; see Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2002) ¶ 8:1621, p. 8147.) Dr. Stein's report is simply resting in the superior court file maintained as a result of defendant's prior 1986 sexual assault conviction. Dr. Stein's report was not received in evidence. No declaration *552 authenticating Dr. Stein's report is in the 1986 superior court file. No declaration relating the foundational requirements for a business record is in the superior court file. No testimony was received at the preliminary examination or during a pretrial hearing in the 1986 sexual assault litigation which either authenticated or provided business record foundational requirements for Dr. Stein's report. Hence, Dr. Stein's report was not admissible evidence in the present case on the question of whether the victim suffered great bodily injury in 1986. Ms. Ordonoz-Crawford was under no duty to make meritless motions or contentions. (People v. Frye (1998) 18 Cal.4th 894, 985, 77 Cal.Rptr.2d 25, 959 P.2d 183; People v. Price (1991) 1 Cal.4th 324, 387, 3 Cal.Rptr.2d 106, 821 P.2d 610.) Defendant's ineffective assistance of counsel contentions are without merit.
The petition is denied.
We concur: GRIGNON and MOSK, JJ.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] Section 667.5, subdivision (c)(8) states: "(c) For the purpose of this section, `violent felony' shall mean any of the following: [¶] ... [¶] (8) Any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 or 12022.9...."