Filed 8/14/14   P. v. Madrid CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MOISES ENCARNACION MADRID,<br><br>Defendant and Appellant. | B251575<br><br>(Los Angeles County<br>Super. Ct. No. MA059521) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Blanchard, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Chung L. Mar and Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Contending he was denied his right to cross-examine his then-six-year-old daughter E., appellant Moises Encarnacion Madrid appeals from the judgment following his convictions for sexual offenses against her. We affirm.

## FACTS AND PROCEEDINGS

Appellant Moises Encarnacion Madrid is the father of victim E., who was born in 2006. Appellant and E.'s mother were married but separated in 2008. During the weekend of August 31-September 2, 2012, E. stayed with appellant in his home under appellant's and mother's visitation agreement. When appellant returned E. to mother's custody at the end of the weekend, mother saw that E. seemed uncharacteristically quiet. When mother asked if anything happened over the weekend, E. said appellant had touched her "pee pee," which E. demonstrated with a "circular rubbing motion." Mother reported appellant to law enforcement and child welfare authorities.

The People filed an information alleging appellant had committed a lewd act upon a child under the age of 14 years, misdemeanor child molesting, and sexual penetration of a child 10 years old or younger. Appellant pleaded not guilty.

At trial, E. testified that she slept in appellant's bed during her visit. One night while she was in bed, appellant touched her "private part" by putting his finger inside her "pee pee" ten times. When the prosecutor asked E. additional questions about how appellant touched her, E. was largely unresponsive, many of her answers consisting of two or three words or sometimes no answer at all. After E.'s repeated failure to answer questions, the court suggested it might be easier for E. to demonstrate with her hands how appellant touched her. Accordingly, E. stood and, turning toward the jury, silently demonstrated appellant's conduct by putting one finger of her right hand inside her left hand with which she made a circular motion.

Appellant's defense at trial was he believed E. had wet the bed while asleep, and he had checked the outside of her underwear to confirm his suspicion. He denied placing his hand inside her underwear or touching her sexually.

2

The jury convicted appellant as charged. The court sentenced appellant to state prison for 15 years to life. This appeal followed.

## DISCUSSION

When defense counsel cross-examined E., she did not answer more than three dozen questions, as indicated by the entry "No Response" in the reporter's transcript. Appellant contends that E.'s nonresponsiveness to defense counsel's questions denied appellant his right to cross-examine her. We disagree.

The federal and state constitutions guarantee "an opportunity for effective cross-examination, not a cross-examination that is as effective as a defendant might prefer." (*People v. Homick* (2012) 55 Cal.4th 816, 861.) E. was a young girl, testifying two months before her seventh birthday about events that took place one month shy of her sixth birthday. Of the 40 questions by defense counsel that she did not answer, many focused on trying to establish that appellant touched E. nonsexually in order to determine if she had wet herself. Because of E.'s nonresponses, defense counsel made little headway. But the prosecutor did not have a much easier time getting E. to answer the prosecutor's questions. The transcript contains 36 "no response" entries during the prosecutor's examination of E. during which the prosecutor focused on proving that appellant touched E. sexually. Hence, appellant's assertion that his trial "was a case where the primary witness against the defendant chose only to answer questions put by the Government, and refused to answer substantive questions by the defense" is incorrect.

Here, defense counsel wanted to compare E.'s description of how appellant touched her with the testimony by mother and law enforcement about E.'s statements to them about the touching, looking for discrepancies that might help appellant's defense. But a "defendant is not denied the constitutional right to confront a witness when the witness is present at trial and subjected to unrestricted cross-examination but answers 'I don't remember' to virtually all questions." (*People v. Perez* (2000) 82 Cal.App.4th 760, 762.) The " 'traditional protections of the oath, cross-examination, and the opportunity

3

for the jury to observe the witness' demeanor satisfy the constitutional requirements.' " (*Id.* at pp. 765-766.)

Appellant does not contend E. toyed with the defense by refusing to answer or feigning forgetfulness in order to help stack the deck in the prosecution's favor. And appellant does not contend he was denied his right to cross-examine mother and law enforcement witnesses. The trial court did not limit, and the prosecutor did not object to, any of defense counsel's questions of E. as defense counsel tried to establish appellant's defense. Only E. frustrated defense counsel's efforts at cross-examination, but she was a challenging witness for both prosecution and defense. The most plausible explanation of E.'s failure to answer was the likely embarrassment of an almost-seven-year old about any question involving either the prosecution's allegation of sexual touching or the defense's theory of bed-wetting.

Appellant's reliance on *People v. Morgain* (2009) 177 Cal.App.4th 454 is misplaced. There, the prosecution called the defendant's girlfriend as a witness in defendant's murder trial, but the girlfriend refused to answer the prosecutor's questions. The trial court thus struck all of her testimony.[1] Appellant quotes the following passage from *Morgain*: "A defendant's [confrontation] rights may well be violated where a prosecutor examines a recalcitrant witness and poses questions that relate to prior statements made by that witness, in circumstances where the witness's recalcitrance effectively prevents cross-examination concerning those prior statements." The passage is inapt because E.'s recalcitrance extended to both sides. If anything, a prosecution witness's lack of cooperation and forthrightness under cross-examination can redound to a defendant's benefit if jurors perceive the witness's reluctance reflects bias, lack of candor, or an agenda to convict. (*People v. Homick, supra,* 55 Cal.4th at p. 861 [witness "was called by the prosecution and . . . to the extent that his behavior on the stand reflected poorly on his credibility, it benefited defendant."].) Here, jurors had the chance

---

[1] Appellant did not move to strike E.'s testimony, thus forfeiting the point on appeal.

to observe E.'s demeanor while she testified on direct and under cross, and presumably relying on those observations reached their own conclusions about her credibility and what weight to give her testimony.

## DISPOSITION

The judgment is affirmed.


                                                        RUBIN, J.
WE CONCUR:


        BIGELOW, P. J.


        GRIMES, J.

5