Filed 3/14/16  P. v. Smith CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDY RICHARD SMITH,<br><br>    Defendant and Appellant. | B262247<br><br>(Los Angeles County<br>Super. Ct. No. SA017264) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.

# I. INTRODUCTION

A jury convicted defendant, Andy Richard Smith, in 1996 of assault by means of force likely to produce great bodily injury (count 1) and corporal injury infliction (count 2). (Former Pen. Code, § 245, subd. (a)(1), Stats. 1993, ch. 369, § 1, pp. 2168-2169, now subd. (a)(4)[1]; § 273.5, subd. (a)(1).) Defendant was found to have sustained two prior robbery convictions which were both violent and serious felonies. (§§ 667.5, subd. (c)(9), 1192.7, subd. (c)(19).) Defendant was also found to have sustained one prior kidnapping conviction, also a violent and serious felony. (§§ 667.5, subd. (c)(14); 1192.7, subd. (c)(20).) Defendant was sentenced to 25 years to life on count 1 and 25 years to life on count 2. The count 2 sentence was stayed pursuant to section 654, subdivision (a). (§§ 667, subds. (b)-(i), 1170.12.) On appeal, we reversed defendant's sentence and ordered resentencing . (*People v. Smith* (Jan. 9, 1997, B101524 [nonpub. opn.].) On appeal following resentencing, we affirmed the judgment. (*People v. Smith* (Aug. 31, 1998, B116825) [nonpub. opn.].)

The present appeal is from an order denying defendant's section 1170.126, subdivision (b) resentencing petition. The trial court found defendant was ineligible for resentencing. The trial court ruled defendant had intended to inflict great bodily injury during the commission of the assault and corporal injury infliction offenses. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)((2).) We affirm the order.

---

[1]     Further statutory references are to the Penal Code unless otherwise noted.

II. DISCUSSION

Defendant is ineligible for resentencing if, "During the commission of the current offense[s], [he] . . . intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).) There was no sustained allegation defendant actually inflicted great bodily injury in the commission of the current offenses. Therefore, in ruling on resentencing eligibility, the trial court was required to make a factual determination whether defendant inflicted great bodily injury on the victim. (*People v. Estrada* (2015) 243 Cal.App.4th 336, 340-341; *People v. Hicks* (2014) 231 Cal.App.4th 275, 285; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331-1332.) The Courts of Appeal have repeatedly held, in making the eligibility determination, it was appropriate to examine "[all] relevant, reliable, admissible portions" of the record of conviction, including trial transcripts. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048-1049; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 800-801; accord, *People v. Estrada, supra,* 243 Cal.App.4th at pp. 340-341; *People v. Burnes* (2015) 242 Cal.App.4th 1452, 1458; *People v. Hicks, supra,* 231 Cal.App.4th at pp. 279, 285-286; *People v. Bradford, supra,* 227 Cal.App.4th at pp. 1338-1339; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1317.) The trial court was not, as defendant contends, limited to "evidence of what facts were already found as reflected by the conviction" itself. (*People v. Brimmer, supra,* 230 Cal.App.4th at p. 800; see *People v. Wodell* (1998) 17 Cal.4th 448, 457.) The standard of proof as to the existence of a disqualifying factor is a preponderance of the evidence. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040; see also *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 4, fn. 5 ["Defendant does not contest the trial court's conclusion[] that . . . proof only by a preponderance of evidence was necessary, so we do not address [it] further"]; *People v. Superior Court (Kaulick* ) (2013) 215 Cal.App.4th 1279, 1305 [preponderance of the evidence standard of proof applies to determination whether defendant presents an unreasonable risk of danger to the public]; but see *People v. Arevalo* (Feb. 8, 2016, B259998) 224 Cal.App.4th 836, __ [appropriate standard of proof is beyond a reasonable doubt]; but see also *People*

*v. Bradford, supra,* 227 Cal.App.4th at pp. 1344-1351 [conc. opn. of Raye, P.J.] [appropriate standard of proof is clear and convincing evidence] .) Our review is for substantial evidence. (*People v. Hicks, supra,* 231 Cal.App.4th at pp. 284, 286; *People v. Guilford* (2014) 228 Cal.App.4th 651, 661; *People v. Elder, supra,* 227 Cal.App.4th at p. 1317.) We review the record in the light most favorable to the order to determine whether substantial evidence supports the eligibility determination made in connection with defendant's sentence recall petition. (*People v. Banks* (2015) 61 Cal.4th 788, 804; *People v. Edwards* (2013) 57 Cal.4th 658, 715.)

At trial, the victim testified defendant: pushed her down on the bed and covered her mouth, causing her to be unable to breathe; punched her five or six times with a closed fist; and shoved her into a wall causing a laceration to her nose. During the altercation, the victim also suffered a laceration to her right foot. After defendant shoved the victim against the wall, she "just blacked out." At the time of trial, the victim had a scar on her nose. The injuries to the victim's foot required stitches. An emergency room physician, Dr. William Goldberg, testified the victim said her boyfriend had hit her with his fists and a ceramic vase. She complained of pain in her face, head and right foot. She sustained bruising and tenderness around her right eye, a small laceration on the bridge of her nose with some swelling and a laceration on her right foot requiring stitches. Because she complained of significant pain, Dr. Goldberg twice administered morphine and Percocet. He also gave her a pain medication prescription.

In ruling on defendant's resentencing petition, the trial court found: ". . . [Defendant] punched [the victim] in the face between five and six times, pushed her into a wall, and hit her with a ceramic vase, resulting in a cut to her nose, bruising and tenderness around her right eye, a laceration on her nose with some swelling, and a laceration on her right foot requiring stitches. The pain was severe enough that [the victim] was given morphine and Percocet, which [the emergency room physician,] Dr. Goldberg[,] described as relatively strong drugs that would require [symptoms revealing] '[a] significant amount of pain at the time of administration.' (RT at pp. 273-274.) . . . [The victim's] injuries were greater than minor or moderate harm. . . . By punching [the

4

victim] in the face with his closed fist between five and six times and shoving her into a wall, it is clear [defendant] was determined to inflict great bodily injury upon [the victim.] . . . Indeed, the court cannot conceive of any other intent under the facts of this case. The court therefore finds the record of conviction establishes, by a preponderance of the evidence, that [defendant] intended to inflict great bodily injury upon [the victim] during the commission of the commitment offense . . . ."

The victim's and Dr. Goldberg's trial testimony constitute substantial evidence supporting the eligibility ruling. The trial court could reasonably conclude defendant had inflicted great bodily injury on the victim. (*People v. Cross* (2008) 45 Cal.4th 58, 63-64; *People v. Modiri* (2006) 39 Cal.4th 481, 492; *People v. Escobar* (1992) 3 Cal.4th 740, 750; *People v. Jaramillo* (1979) 98 Cal.App.3d 830, 836.) Therefore, the trial court properly concluded defendant is ineligible for resentencing.

## III.  DISPOSITION

The order under review is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

KRIEGLER, J            KUMAR, J.*

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.