Filed 8/26/13  P. v. Thompson CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AMETHYST THOMPSON,<br><br>Defendant and Appellant. | F064843<br><br>(Super. Ct. No. BF134876A)<br><br>**O P I N I O N** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer, Judge.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Tiffany J. Gates, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Cornell, Acting P.J., Gomes, J., and Franson, J.

Appellant, Amethyst Thompson, pleaded no contest to two counts of felony child abuse/neglect (Pen. Code, § 273a, subd. (a)[1]; counts 1, 2). The court imposed the four-year midterm sentence on count 1 and a concurrent four-year midterm sentence on count 2.

On appeal, appellant contends the court erred in sentencing her to prison rather than placing her on probation. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### *The Instant Offenses*

Appellant and her codefendant, Richard Thompson (the father), are the parents of two children, to whom we refer, respectively, as Victim 1 and Victim 2.

A Kern County Sherriff's Department (KCSD) report states the following: On February 26, 2010 (February 26), deputies responding to a report of an injured infant made contact with doctors at Mercy Southwest Hospital, and learned that Victim 1, age four months, had suffered four to five broken ribs, a fracture of the left humerus, a "questionable corner fracture [of] the right femur," and "an acute subdural and subarachnoid hemorrhage on the brain." The doctors "felt the child [had] suffered 'non-accidental trauma.'"

Several weeks later, on April 9, 2010, Victim 1 was again examined by doctors, who found that the child "had a blood mass (retinal hemorrhage) in his right eye that completely obscured his vision." This type of injury, the doctors stated, "is consistent with Shaken Baby Syndrome."

---

[1] All statutory references are to the Penal Code.

[2] Information in this section is taken from the report of the probation officer (RPO).

Appellant and the father told deputies that "earlier that evening," on February 26 Victim 1 began screaming and gasping for air. The infant "went limp," and a "family member" took the child "over to a neighbor" who called 911.

On March 22, 2010, doctors informed a KCSD detective that Victim 2, also age four months on February 26, "had four, possibly five fractured ribs that were in the process of healing" and "were estimated to be a few weeks old."

Appellant and the father, when questioned by KCSD detectives on February 26 "denied any wrong doing" and stated they did not know how Victim 1 had received his injuries. "During a subsequent interview," the father "indicated he may have 'accidentally' caused the injury while 'playing' with the infant," i.e., by throwing the baby up in the air. He also stated "he may have 'bounced' the infant too hard."

Family members questioned by detectives "indicated they had never seen either parent physically mistreat or harm the infants," but "many felt the infants were being severely neglected." Family remembers reported the following: Neither appellant nor the father were employed and spent "most of the day" at home. "When the babies cried, they would leave them in their car seats and allow them to cry for hours at a time"; "[w]hen feeding the infants, they did not take them out of the car seat, but would prop the bottles up using blankets"; and "[t]hey would also neglect to change [the infants'] diapers resulting in an extreme case of diaper rash."

"During the investigation, a polygraph was conducted. The results of the polygraph indicated both parents knew the injuries had to be a result of their actions as they were the sole caregivers. When confronted with this, both defendants admitted and agreed the injuries had to be caused by one of them."

### Additional Background

Appellant was 19 years old on February 26. She "has no known prior record of criminal conduct."

3

*Procedural Background*

The probation officer, in her RPO, found as "circumstances in aggravation" (emphasis and unnecessary capitalization omitted) that both victims were "particularly vulnerable" and that in committing the instant offenses appellant "took advantage of a position of trust or confidence …."

In advance of the sentencing hearing, the prosecutor submitted a brief in which, making specific reference to the criteria for denying probation set forth in California Rules of Court, rule 4.414,[3] she asserted, inter alia, the same points.[4]

At the sentencing hearing, defense counsel argued that neither of these circumstances "have been established by any proof …." With respect to the question of whether the victims were particularly vulnerable, she argued that such vulnerability was "part and parcel of the charge itself …." In response to this point, the prosecutor countered that a four-month-old child would be far more vulnerable than, e.g., a 15-year-old child.

In denying probation, the court stated the following:

"Let me just make a couple of comments…. Number one, in regard to the circumstances in aggravation, and it is really not going to make any difference, but I don't know that [the probation officer's finding that appellant took advantage of a position of trust and confidence] is truly a -- as to this offense. It is a part of the offense. So I can't see how it is an aggravating circumstance.

---

[3] All rule references are to the California Rules of Court.

[4] Rule 4.414 provides, "Criteria affecting the decision to grant or deny probation include facts relating to the crime and facts relating to the defendant," and lists nine facts in the former category (rule 4.414(a)(1)-(9)) and eight in the latter (rule 4.414(b)(1)-(8)). These facts include "The vulnerability of the victim" (rule 4.414(a)(3)) and "Whether the defendant took advantage of a position of trust or confidence to commit the crime" (rule 4.414(a)(9)).

4

"I do agree with the People ... that there is a difference between a four month old and a 17 year old.

"[¶] ... [¶] ... The letters [submitted on behalf of appellant by family members] all point to the defendant as being a young lady of trust. None of them refer in any way to her parenting skills or to the children. And that ... I found telling."

After imposing sentence, the court further stated: "Ms. Thompson, the Court has struggled with what to do on this case. In the Court's view, you have violated one of the most sacred trusts that a human being is bestowed with.

"Parenting is a very, very difficult proposition. But your children have to have the parents that will protect them. I am hopeful that you will never allow this to happen again. I am also hopeful that anyone who hears about this will realize how serious this offense is.

"In the Court's view, it is one of the most serious offenses that society faces. I wish I had a magic wand to play back and undo what you've done. I don't. So you are going to have to pay the price for it."

## DISCUSSION

### *Claim of Application of Incorrect Legal Standard*

Appellant argues that the trial court "fail[ed] ... to consider probation under the correct legal standard." This argument, as best we can determine, consists of three parts.

*Section 1203, subdivision (e)(3)*[5]

First, relying on *People v. Lewis* (2004) 120 Cal.App.4th 837 (*Lewis*), appellant contends the court incorrectly believed appellant was presumptively ineligible for probation under section 1203(e)(3). We disagree.

---

[5] We refer to section 1203, subdivision (e)(3) as section 1203(e)(3).

Preliminary, we note that as respondent concedes, the major premise of appellant's argument is correct: She was *not* presumptively ineligible for probation under section 1203(e)(3). Section 1203, subdivision (e) provides that "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted" to any of the persons described in subdivision (e)(1) through (e)(13) of section 1203. Appellant does not meet any of these descriptions.

The probation officer thought otherwise, and stated in the RPO that appellant was presumptively ineligible for probation under 1203(e)(3), which applies to "[a]ny person who willfully inflicted great bodily injury or torture in the perpetration of the crime of which he or she has been convicted." However, in *Lewis*, the court held that section 1203(e)(3) is "applicable not merely when great bodily injury is the result of a crime but, rather, when the defendant intended to cause great bodily injury." (*Lewis*, *supra*, 120 Cal.App.4th at p. 853, fn. omitted.) And section 273a, though it requires that a defendant's conduct be willful in order to constitute a violation of the statute, does not require that the defendant intend that conduct to result in great bodily injury. (*People v. Sargent* (1999) 19 Cal.4th 1206, 1216.) Moreover, under section 273a "there is no requirement that the actual result [of the defendant's conduct] be great bodily injury." (*People v. Jaramillo* (1979) 98 Cal.App.3d 830, 835.) Therefore, as both parties agree, appellant's no contest pleas to the two section 273a charges did not necessarily establish that in committing those offenses she acted with the intent necessary to make section 1203(e)(3) applicable. On this point the probation officer was incorrect.

However, contrary to appellant's contention, the record does not compel the conclusion that the court held the same incorrect belief. "[I]n light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, [the reviewing court] cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of [its]

6

discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.) The court did not state appellant was presumptively ineligible for probation and, indeed, made no reference to section 1203(e)(3), the "unusual case[]" provision of section 1203, subdivision (e), the probation officer's conclusion on this point, or the parties' arguments regarding section 1203 at the sentencing hearing.[6]

Appellant notes that at the outset of the sentencing hearing the court stated it had "reviewed the [RPO] and will consider it," and argues this constitutes an affirmative showing that the court reached the same conclusion as did the probation officer with regard to appellant's presumptive ineligibility for probation. We disagree. That the court "consider[ed]" the RPO does not establish that the court accepted all of the probation officer's conclusions. Indeed, the court specifically stated that it rejected the probation officer's conclusion that appellant took advantage of a position of trust constituted a circumstance in aggravation.

Here, neither (1) the probation officer's conclusion that appellant was presumptively ineligible for probation under section 1203(e)(3), nor (2) the defense counsel's response to the probation officer, nor (3) the prosecutor's possible references to section 1203(e)(3), whether considered singly or in combination, is enough to overcome

---

**6** With respect to this last point we note the following: Defense counsel responded directly to the probation officer's conclusion with regard to section 1203(e)(3), arguing there was no evidence appellant inflicted great bodily injury and that in any event the case was an "unusual" one within the meaning of section 1203(e)(3). The prosecutor made no explicit reference to this statute, but made what might possibly be construed as two references to section 1203(e)(3). First, referring to defense counsel's arguments, she stated, "I don't believe necessarily this is an unusual case she's relied on." Second, she stated, " ... in concluding, I would say that the interest[s] of justice are not served by grant of probation." The overarching theme of her argument was that the aggravating factors outweighed all mitigating factors.

7

the presumption that the court understood that section 1203(e)(3) was inapplicable. Therefore, appellant's claim to the contrary must be rejected.

Appellant's reliance on *Lewis* is misplaced. In that case, the defendant, like appellant, was convicted of violating section 273a. Both the prosecutor, in its sentencing memorandum, and the probation officer, in his report, asserted that the defendant was presumptively ineligible for probation under section 1203(e)(3). In addition, "[i]t is clear" the trial court reached the same conclusion. (*Lewis*, *supra*, 120 Cal.App.4th at p. 851.) In denying probation and imposing a prison sentence, the trial court, in an obvious reference to the provision of section 1203 that a person described in subdivision (e) of the statute could be granted probation only in an "unusual case[] where the interests of justice would best be served" by probation, "stated ... the circumstances were not such it could find the case an unusual one for purposes of section 1203, subdivision (e)(3)." (*Lewis,* at p. 851.)

The Court of Appeal, noting "It seems to have been assumed by both parties, the probation officer and the trial court that appellant was presumptively ineligible for probation," and "The trial court was not asked to find and did not state on the record appellant intended to inflict great bodily injury on [the victim]," held that remand for a new probation and resentencing hearing was necessary, "[g]iven the serious nature of the offense, the lack of clarity in the law on this issue before this opinion and the importance of a clear record ...." (*Lewis*, *supra*, 120 Cal.App.4th at p. 854.)

Thus, in *Lewis* it was "clear" (*Lewis*, *supra*, 120 Cal.App.4th at p. 851) the trial court incorrectly believed the defendant was presumptively ineligible for probation under section 1203(e)(3), in large part because the trial court found that the case before it was not an unusual one for purposes of section 1203(e)(3). Had the court not believed section 1203(e)(3) was applicable, there would have been no reason for the court to make such a finding. The trial court's "unusual case" finding was enough to overcome the

8

presumption that the court correctly understood the law.  Here, by contrast and as demonstrated above, where the trial court made no such finding or in any way indicated it believed section 1203(e)(3) was applicable, the showing in the record was not sufficient to overcome this presumption and thereby establish that the court was operating under an incorrect understanding of the law.

In addition, it cannot be said that here, as in *Lewis*, there was a "lack of clarity" (*Lewis*, *supra*, 120 Cal.App.4th at p. 854) in the law at the time of sentencing with respect the meaning of "willfully inflicted great bodily injury" in section 1203(e)(3).  The *Lewis* court was referring to the fact that prior to *Lewis*, no case had held that in order to show that a defendant "willfully inflicted great bodily injury" under section 1203(e)(3), it had to be shown that the defendant intended to inflict great bodily injury.  However, at the time of sentencing in the instant case, the trial court had the benefit of *Lewis*, which had been decided more than five years previously.  *Lewis* does not support appellant's position.

### *Consideration of California Rules of Court, Rule 4.414 Factors*

Appellant contends the trial court failed to consider the rule 4.414 "[c]riteria affecting the decision to grant or deny probation …."  It appears appellant bases this claim, in turn, on the following claims:  "[t]he record contains no evidence that either the probation department or the court considered [the rule 4.414 factors]"; "[s]everal of the factors militate for a grant of probation"; and "[t]he court appeared to make a single criterion," viz., the seriousness of the offenses, "determinative."  Appellant's claim that the court failed to consider the factors listed in rule 4.414 is without merit.

As indicated above, the record shows the following:  The prosecutor submitted a brief in which, making specific reference to probation criteria set forth in rule 4.414, she argued that probation should be denied.  At the hearing, defense counsel addressed the prosecutor's arguments as to two of these criteria, arguing that appellant did not take

9

advantage of a position of trust or confidence (see rule 4.414(a)(9)) and that the victims were not "particularly vulnerable" (see rule 4.414(a)(3)). In stating its reasons for denying probation, the court specifically referred to both points.

On appeal, it is the appellant's burden to affirmatively demonstrate error. (*People v. Battle* (2011) 198 Cal.App.4th 50, 62 (*Battle*); rule 4.409 ["Relevant criteria enumerated in [the rules of court] ... will be deemed to have been considered unless the record affirmatively reflects otherwise"].) None of the factors cited by appellant affirmatively establishes the court was unaware of and/or failed to consider the factors set forth in rule 4.414. Indeed, as indicated above, the record suggests quite the opposite. Appellant has not met her burden of affirmatively demonstrating the error she asserts.

*Trial Court's Understanding of the Full Scope of its Discretion*

Appellant argues, "To the extent the record reveals that the court here perhaps understood that probation was an option, it does not appear from the record that the court considered the full scope of its discretion in granting probation, including its ability to impose conditions on probation, such as imprisonment 'in a county jail for a period not exceeding the maximum time fixed by law in the case[] (§ 1203.1, subd. (a)) .…" There is no merit to this contention.

There was no mention at the sentencing hearing of confinement in county jail as a condition of probation, and nothing in the record to suggest the court did not understand the "full scope" of its discretion with regard to this condition of probation, other conditions of probation or any other matter. Therefore, appellant's claim fails. (*People v. Gutierrez, supra,* 174 Cal.App.4th at p. 527 ["in light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion"]; *Battle, supra,* 198 Cal.App.4th at p. 62.)

10

*Claim of Absence of Services*

It appears appellant also contends the court abused its discretion in denying probation because, she asserts, the California Department of Corrections and Rehabilitation (CDCR) offers no services for prison inmates related to parenting skills and child abuse.

It appears appellant bases this claim on a discussion at the sentencing hearing of the availability of programs for addressing parenting skills and child abuse issues, at the conclusion of which the probation officer, in response to a question from the court as to whether he (the officer) had "any knowledge in regard to [CDCR's] treatment programs," responded, "So I don't have a lot of reference points as to treatment options in the State's facilities. I would believe that as they have many programs for substance abuse and anger management, I would have to assume that they have some manner of treatment for child abuse while in custody." From that discussion appellant concludes, "The record shows no one"—including, presumably, the court—"knew whether or not appellant would receive any services related to child care or parenting skills while [in prison] .…"

Appellant cites no authority for the proposition that the absence of certain services in state prison renders a denial of probation an abuse of discretion. However, we need not address the merits of such an argument because the record provides no support for appellant's claim that child-abuse-prevention counseling, or any other rehabilitative program for that matter, is unavailable to appellant in prison. (*Battle*, *supra*, 198 Cal.App.4th at p. 62 [error must be affirmatively shown].)

*Weighing of Aggravation and Mitigating Factors*

Finally, appellant contends the court abused its discretion in denying probation because, she asserts, the factors militating in favor of a grant of probation, such as appellant not having any prior criminal history, outweighed the factors militating against a grant of probation.

11

In support of this contention, she first argues that the court's apparent reliance on the seriousness of the instant offenses was improper because although the injuries inflicted on the victims were serious, they were not as serious—indeed, according to appellant, "they do not compare"—with other instances of child abuse. (See rule 4.414(a)(1) [criteria affecting the decision to grant or deny probation include "The nature, seriousness, and circumstances of the crime *as compared to other instances of the same crime*"] (Italics added).) Under rule 4.414(a)(1), appellant argues, "this was not an egregious example of child abuse/neglect."

We disagree. The record shows that the *two* extremely young victims suffered *multiple* broken bones and other serious injuries. We cannot, and do not, second-guess the trial court's implicit finding that appellant's conduct was more serious than other offenses under same statute. (See *People v. Weaver* (2007) 149 Cal.App.4th 1301, 1317 (*Weaver*) [approving a trial court's implicit conclusion that "'other instances'" of vehicular manslaughter while intoxicated did not involve the same "egregious circumstances" evident in the case before it—"and we cannot presume otherwise"].)

Appellant also challenges the trial court's consideration of the victims' vulnerability as a factor in denying probation. She asserts "the element of vulnerability is inherent in [section 273a]," and "[t]he statute does not contemplate that dependent children, regardless of age, are more or less vulnerable by virtue of their chronological age." We disagree.

As indicated above, rule 4.414(a)(3) lists "The vulnerability of the victim" among the criteria affecting the decision to grant or deny probation, and rule 4.409 provides, "Relevant criteria enumerated in these rules *must* be considered by the sentencing judge...." (Italics added.) There is nothing in section 273a that allows a court to ignore the mandate of rule 4.409, or that in any way precludes a court from denying probation based on the unremarkable conclusion that an infant, unlike an older child, is entirely

12

dependent on others to fulfill his or her basic needs for food, clothing, and shelter, has no ability to escape or evade acts of abuse or endangerment whether those acts are intentional or the result of negligence, and is therefore particularly vulnerable. "Circumstances in aggravation," which sentencing courts consider in making a variety of sentencing choices, include whether "The victim was particularly vulnerable." (Rule 4.421(a)(3).) In determining the applicability of this circumstance where a defendant is being sentenced for an "'age range offense,'" "[e]xtreme youth within a given age range might also be viewed as making a victim 'particularly vulnerable' in relation to others within the age range .…" (*People v. Ginese* (1981) 121 Cal.App.3d 468, 477.) The same applies to a determination of the applicability of rule 4.414(a)(3).

"'"The grant or denial of probation is within the trial court's discretion and the defendant bears a heavy burden when attempting to show an abuse of that discretion. [Citation.]' [Citation.] 'In reviewing [a trial court's determination whether to grant or deny probation,] it is not our function to substitute our judgment for that of the trial court. Our function is to determine whether the trial court's order granting [or denying] probation is arbitrary or capricious or exceeds the bounds of reason considering all the facts and circumstances.' [Citation.]" (*Weaver*, supra, 149 Cal.App.4th at p. 1311.) "California courts have long held that a single factor in aggravation is sufficient to justify a sentencing choice .…" (*People v. Brown* (2000) 83 Cal.App.4th 1037, 1043.)

When we apply the forgoing principles to the instant case, where the record supports at least two factors supporting the denial of probation, we conclude the denial of probation was well within the court's discretion.

## DISPOSITION

The judgment is affirmed.