Filed 12/9/13  P. v. Madera CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065645 |
| v. | (Super. Ct. No. VCF258962) |
| VALOIS MADERA, JR., | **O P I N I O N** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Tia M. Coronado, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Kane, J., and Poochigian, J.

A jury convicted appellant, Valois Madera, Jr., of two counts of assault by means of force likely to produce great bodily harm (counts 1 & 2/Pen. Code, § 245, subd. (a)(1)),[1] and one count each of battery resulting in serious bodily injury (count 3/§ 243, subd. (d)), and dissuading a witness from reporting a crime (count 4/§ 136.1, subd. (b)(1)).  The jury also found true a great bodily enhancement (§ 12022.7, subd. (a)) in count 1.[2]  In a separate proceeding, the court found true a serious felony enhancement (§ 667, subd. (a)), two prior prison term enhancements (§ 667.5, subd. (b)), and allegations that appellant had a prior conviction within the meaning of the three strikes law.  (§ 667, subds. (b)-(i).)

On appeal, Madera contends:  1) the evidence is insufficient to sustain his conviction in count 3 for battery resulting in serious bodily injury; 2) the court committed instructional error; and 3) the court erred by its failure to strike one of the prior prison term enhancements.  We will find merit to this last contention and will strike the enhancement at issue.  In all other respects, we will affirm.

## FACTS

The evidence at trial established that on July 16, 2011, at approximately 10:50 p.m. Gilberto Alvarez walked to a liquor store in Dinuba where he saw Madera and his cousin, Michael Caldera, in front of the store.  Alvarez approached Caldera and asked if he could talk to him.  Madera then asked Alvarez if he had any problems with Caldera.  Alvarez replied that he did not and began walking backwards.  Madera punched Alvarez in the jaw, breaking it in two places.  As Madera threw more punches, Alvarez bear-hugged him and grabbed his ponytail and they both fell to the ground.  After someone pushed Alvarez from behind, Madera got up and left with Caldera and a third man.

---

[1]     Unless otherwise indicated all further statutory references are to the Penal Code.

[2]     The jury did not find true a great bodily injury enhancement in count 2.

2

Alvarez bled profusely and was transported to a hospital by ambulance. He required surgery to repair his jaw.

On August 9, 2011, at approximately 2:00 a.m., Michael Mendez walked with his girlfriend, Arlene Delacruz, to his cousin's house in Dinuba. As they waited outside the house for Mendez's cousin to come out, Madera walked up to Mendez and hit him in the forehead with his fist. Mendez felt dizzy, fell to the ground, and noticed he was bleeding. Mendez was struck once more but he was not sure whether Madera was the person who struck him. However, Delacruz saw Madera kick "towards [Mendez's] head." Madera told Mendez that if he notified the police he "would be done with." Mendez and Delacruz then walked to Mendez's apartment.

Dinuba police officers responded to Mendez's apartment and found Mendez sitting on some stairs holding his head with blood running down his forehead. Mendez had a "one-inch" laceration on his head that was treated by paramedics. He did not seek any other medical treatment for his head wound.

When arrested later that night, Madera had blood on the top part of one of his tennis shoes.

On July 11, 2012, the court sentenced Madera to an aggregate term of 18 years: a six-year term on count 1 (the midterm doubled because of Madera's prior strike conviction), a three-year great bodily injury enhancement in that count, a consecutive two-year term on count 2 (one-third the midterm, doubled because of Madera's prior strike conviction), a stayed doubled midterm of six years on count 3, a concurrent doubled midterm of four years on count 4, a five-year serious felony enhancement, and two one-year prior prison term enhancements.

## DISCUSSION

### *The Sufficiency of the Evidence Claim*

"Section 243, subdivision (d), establishes the crime of battery involving serious bodily injury.  In subdivision (f)(4) of section 243, "'[s]erious bodily injury'" is defined as 'a serious impairment of physical condition, including, but not limited to, the following:  loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement.'  [Citation.]"  (*People v. Belton* (2008) 168 Cal.App.4th 432, 439-440.)

Madera contends the one-inch cut Mendez suffered on his forehead was not "a serious impairment of physical condition" within the meaning of section 243, subdivision (f)(4) because his injury is not listed in the statute's examples of serious bodily injury, Mendez did not suffer a concussion, loss of consciousness, loss or impairment of organs or bodily members, any broken bones, or any disfigurement and his injury did not require any suturing.  Thus, according to Madera, the evidence is insufficient to sustain his conviction for committing battery with serious bodily injury.  We disagree.

"It is well settled that the determination of [serious] bodily injury is essentially a question of fact, not of law.  '"Whether the harm resulting to the victim ... constitutes [serious] bodily injury is a question of fact for the jury.  [Citation.]  If there is sufficient evidence to sustain the jury's finding of [serious] bodily injury, we are bound to accept it, even though the circumstances might reasonably be reconciled with a contrary finding."'  [Citations.]"  (*People v. Escobar* (1992) 3 Cal.4th 740, 750.)  "A fine line can divide an injury from being significant or substantial from an injury that does not quite meet the description."  (*People v. Jaramillo* (1979) 98 Cal.App.3d 830, 836.)  "'"Serious bodily injury" and "great bodily injury" are essentially equivalent elements.'  [Citations.]"  (*People v. Burroughs* (1984) 35 Cal.3d 824, 831.)

4

Here, Madera approached Mendez and punched him in the head, which caused Mendez to fall down. Madera then kicked Mendez in the head while he was on the ground. The assault resulted in Mendez suffering a one-inch long cut on his forehead that bled profusely and caused him to feel dizzy. When officers arrived outside his apartment, Mendez was holding his head from the effects of the blows he suffered earlier. Mendez's injury was not as severe as some of the ones described in the statutory language. However, as noted earlier, whether Mendez suffered serious bodily injury within the meaning of section 243, subdivision (f)(4) was a question of fact for the jury. Further, the jury's finding that he did is supported by the facts discussed above. (Cf. *People v. Jaramillo*, *supra*, 98 Cal.App.3d 830, 836 [multiple contusions over various portions of victim's body that caused swelling and left severe discoloration on parts of victim's body supported a finding that victim suffered great bodily injury]; *People v. Escobar*, *supra*, 3 Cal.4th 740, 750 ["extensive bruises and abrasions over the victim's legs, knees and elbows, injury to her neck and soreness in her vaginal area of such severity that it significantly impaired her ability to walk" found to support finding that defendant inflicted great bodily injury on rape victim].) Accordingly, we reject Madera's contention that the evidence is insufficient to sustain the jury's finding that he committed battery with serious bodily injury.

### *The Alleged Instructional Error*

CALCRIM No. 925 states, in relevant part:

> "[A serious bodily injury means a serious impairment of physical condition. Such an injury may include[, but is not limited to]: (loss of consciousness/ concussion/ bone fracture/ protracted loss or impairment of function of any bodily member or organ/ a wound requiring extensive suturing/ [and] serious disfigurement).]"

The trial court instructed the jury as follows: "A serious bodily injury means a serious impairment of physical condition." It did not, however, charge the jury with the

5

examples of serious bodily injury that are included in the quoted portion of CALCRIM No. 925. Madera contends the court erred by its failure to do so because the use notes for CALCRIM No. 925 state that the quoted portion is to be given when, as in the instant case, there is a dispute whether an injury constitutes a serious bodily injury. Madera appears to further contend that had the jury been able to compare Mendez's injury to the omitted examples, it might have concluded that Mendez's injury did not constitute a serious bodily injury.

Madera concedes he did not object to the trial court's instruction below. He argues, however, that his failure to object did not result in forfeiture because the alleged error affected his substantial rights (§ 1259 ["The appellate court may … review any instruction given, refused or modified, even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby"]) and a claim that a jury instruction is legally incorrect may be raised on appeal even in the absence of an objection below (*People v. Hudson* (2006) 38 Cal.4th 1002, 1011-1012). We disagree.

The instruction that "[a] serious bodily injury means a serious impairment of physical condition" was a correct statement of the law. (*People v. Nava* (1989) 207 Cal.App.3d 1490, 1498 (*Nava*).) Further, the examples listed in section 243, subdivision (f)(4) and CALCRIM No. 925 are merely illustrative and do not necessarily comprise the definition of a serious bodily injury. (*Nava*, *supra*, at p. 1498.) Consequently, since the instruction the court gave correctly instructed the jury on the meaning of serious bodily injury, the omission from the instruction of specific examples of serious bodily injury did not affect Madera's substantial rights. Accordingly, we conclude that Madera forfeited his challenge to this instruction as given by the court by his failure to object in the trial court.

6

*Failure to Strike One of the Prior Prison Term Enhancements*

The serious felony enhancement and one of the prior prison term enhancements the court found true were each based on Madera's October 11, 1995, conviction for assault with a firearm (§ 245, subd. (a)). Madera cites *People v. Jones* (1993) 5 Cal.4th 1142 (*Jones*) to contend the trial court should have stricken this prior prison term enhancement because "the same prior conviction cannot be used as the basis of both a prior serious felony [enhancement] and a prior prison term enhancement." The People counter that under *People v. Lopez* (2004) 119 Cal.App.4th 355 (*Lopez*) and California Rules of Court, rule 4.447 (rule 4.447),[3] the proper procedure is to "impose and stay execution of the one-year enhancement under section 667.5, subdivision (b)."

Enhancements for the same prior conviction cannot be imposed under both sections 667.5 and 667. (*Jones*, *supra*, 5 Cal.4th at p. 1153.) While the Supreme Court in *Jones* did not specifically discuss whether this limitation should be effectuated by staying or striking the section 667.5, subdivision (b) enhancement (the lesser penalty), it explicitly instructed the trial court to strike the section 667.5 enhancement. Although the Supreme Court did not discuss this instruction, we do not assume that it was given without consideration of the proper manner of handling such matters. Therefore, we follow its lead.

The People rely on the language in *Lopez*, *supra*, 119 Cal.App.4th 355. We find the discussion in that case to be inapposite, as it involved whether the multiple victim

---

**3**      Rule 4.447 provides: "No finding of an enhancement may be stricken or dismissed because imposition of the term either is prohibited by law or exceeds limitations on the imposition of multiple enhancements. The sentencing judge must impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and must thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay will become permanent on the defendant's service of the portion of the sentence not stayed."

special circumstance under the habitual sexual offender law (§ 667.71) must be stricken when the trial court has decided to sentence the defendant under the alternative sentencing scheme of the one strike law (§ 667.61). It did not involve whether section 667, subdivision (a) and section 667.5, subdivision (b) could both be imposed for the same underlying offense. Further, *Lopez* concluded that the multiple victim special circumstance could not be stricken because to do so would violate the express language of section 667.61, which states in relevant part, "(g) Notwithstanding Section 1385 or any other provision of law, the court shall not strike any allegation, admission, or finding of any of the circumstances specified in subdivision (d) or (e) for any person who is subject to punishment under this section." (See *Lopez*, *supra*, 119 Cal.App.4th at p. 361.) There is no equivalent language in section 667.5, subdivision (b).

## DISPOSITION

The enhancement imposed pursuant to section 667.5, subdivision (b) for Madera's 1995 assault with a firearm conviction is stricken. The trial court is directed to prepare an abstract of judgment consistent with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.