Filed 11/21/25  P. v. Leon CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084519 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN407998) |
| ZAHIR VLADIMIR LEON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kelly C. Mok, Judge.  Reversed in part, affirmed in part, and remanded for resentencing.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Collette C. Cavalier and Emily Reeves, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted Zahir Vladimir Leon of two counts of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1); counts 1 & 2) and found true that he personally inflicted great bodily injury in the commission of those counts (§ 12022.7, subd. (a)). We conclude the injury to the victim in count 2, which the emergency room doctor described as a "superficial laceration," is not sufficient to support the enhancement under section 12022.7, subdivision (a). Consequently, we reverse the true finding, strike the one year imposed under section 12022.7, subdivision (a), associated with count 2, and remand for resentencing to allow the trial court to exercise its discretion anew with the changed circumstance. In all other respects, we affirm the judgment.

## BACKGROUND

On November 17, 2019, around 5:30 p.m., L. Avila pulled into the driveway of her Oceanside home with her two young children in the car. O. Martinez, the children's father, and A. Moreno were standing near the driveway. Avila got out when "out of nowhere," Leon came around the corner saying, "Fuck Mesa" to Martinez and Moreno. Avila recognized Leon as someone she had seen twice before in the neighborhood. She later identified Leon from a photographic line-up.

Leon ran up, "[w]aving his arms around" and "moving them downwards in a striking motion." He chased Martinez and Moreno down the street and they "started fighting." Avila saw Leon had a knife. She took her children inside the house and quickly went back outside. By then Martinez and Moreno were running back to the house, "saying that they were bleeding." Martinez told her he had been stabbed in the shoulder. Both men were later

---

[1]     All further undesignated statutory references are to the Penal Code.

treated at the hospital. When she saw the men again, Avila saw Martinez had "a little wound" to his back left shoulder area and Moreno had "a little wound behind his back."

Avila's home is inside the territory of the "Varrio Mesa Locos" (Mesa) criminal street gang. In 2019, Leon, a documented member of the "Center Street Locos" (Center Street) criminal street gang with the moniker "Little Boy," lived in the heart of Mesa territory. Although Mesa and Center Street "coexisted" in 2017 and 2018, signs of tension later arose between the two gangs.

In October 2019, a gang suppression officer conducted a field interview with Leon after observing him walking in Mesa territory "gloved up,"[2] which in the officer's experience indicated a gang member who is "actively trying to get into some sort of fight or are prepared for some sort of fight." When Leon saw the officer's patrol vehicle, he dropped a folding knife onto the ground. In December 2019, while out on bail for the assault charges against Martinez and Moreno, the same officer saw Leon "throwing his arms up" at someone on a bicycle, "like one would when they're challenging someone to a fight." As the officer approached in his patrol vehicle, Leon ran and "cover[ed] up his right hand or ben[t] his right hand up towards his wrist and readjust[ed] his sleeve several times." Leon was found with a knife about 12 inches long with a seven-to-eight-inch blade.

The parties stipulated that Center Street is a criminal street gang within the meaning of section 186.22, subdivision (f).[3] Leon and Center

---

[2]    Leon was wearing yellow gloves on both hands.

[3]    " 'For purposes of this trial, the parties hereby stipulate to the following: Center Street is a criminal street gang within the meaning of

Street were subject to a gang injunction in 2019. A gang expert testified a Center Street gang member's violent attack on a Mesa gang member in Mesa territory would benefit Center Street by weakening a rival gang.

The jury found Leon guilty of assault with a deadly weapon on Martinez (count 1) and Moreno (count 2) in violation of section 245, subdivision (a)(1). It found true the allegations he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)) in the commission of both counts, and that he committed these offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). As to his subsequent possession of a kitchen knife, the jury convicted Leon of carrying a concealed dirk or dagger (§ 21310; count 3) and found true he committed the offense while he was released from custody on bail or on his own recognizance in another matter (§ 12022.1, subd. (b)).

Additionally, as to counts 1 and 2, the jury found the existence of three aggravating circumstances within the meaning of California Rules of Court, rules 4.421(a)(1) (the offenses involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty,

---

Penal Code Section 186.22[, subdivision] (f) as an ongoing organized group of more than three persons with a common name whose primary activities are the commission of assault with a deadly weapon and by means of force likely to produce great bodily injury, robbery, and witness intimidation. [¶ ] Center Street gang members have collectively engaged in a pattern of criminal activity within three years of November 17, 2019, within the meaning of Penal Code Section 186.22[, subdivision] (e), as its members have committed the crimes of assault with a deadly weapon, robbery, and witness intimidation on separate occasions by two or more members, and these offenses commonly benefited the gang, and the common benefit was more than reputational.' "

viciousness, or callousness), 4.421(a)(8) (the offenses were carried out with planning, sophistication and professionalism), 4.421(b)(1) (defendant engaged in violent conduct, i.e., "an unprovoked attack on strangers, which indicates a serious danger to society").[4]

At sentencing in June 2024, the trial court imposed a total prison term of 14 years. The sentence consisted of the upper term of four years on count 1, a consecutive one-third the middle term for one year on count 2, and a concurrent middle term of two years on count 3; plus consecutive terms of five years for the gang enhancement and three years for the great bodily injury enhancement on count 1, and a consecutive term of one year for the great bodily injury enhancement on count 2. The court struck punishment for the gang enhancement on count 2 and struck all fines and fees based on its finding of compelling and extraordinary circumstances.

## DISCUSSION

Leon contends substantial evidence does not support the jury's true findings on the great bodily injury enhancements associated with counts 1 and 2. We agree the injury sustained by Moreno—a "superficial laceration"— is not sufficient to support a great bodily injury enhancement within the meaning of section 12022.7, subdivision (a).

Section 12022.7, subdivision (a) (section 12022.7(a)), provides, "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state

---

[4]    In April and July 2023, criminal proceedings were twice suspended and reinstated. Both times, defense counsel declared a doubt as to Leon's competency under section 1368, the court appointed a doctor to evaluate, and Leon was found mentally competent to stand trial.

prison for three years." Section 12022.7, subdivision (f)(1), provides, " 'great bodily injury' means a significant or substantial physical injury."[5] Great bodily injury " 'is an injury that is greater than minor or moderate harm.' " (*People v. Wyatt* (2012) 55 Cal.4th 694, 702; see also *People v. Sandoval* (2020) 50 Cal.App.5th 357, 361 [noting that great bodily injury is "significant or substantial physical injury that is more than minor or moderate"].) In *People v. Cross* (2008) 45 Cal.4th 58 (*Cross*), our Supreme Court reaffirmed the jury's critical role in determining whether an injury amounts to great bodily injury. As the *Cross* court explained, "A fine line can divide an injury from being significant or substantial from an injury that does not quite meet the description. Where to draw that line is for the jury to decide." (*Id*. at p. 64 [cleaned up].) The *Cross* court further explained that case law "acknowledges that a great bodily injury determination by the jury rests on the facts as presented at trial in the context of the particular crime and the particular injuries suffered by the victim." (*Id*. at p. 65.) The *Cross* court added, "Proof that a victim's bodily injury is 'great'—that is, significant or substantial within the meaning of section 12022.7—is commonly established by evidence of the severity of the victim's physical injury, the resulting pain, or the medical care required to treat or repair the injury." (*Id*. at p. 66.) And the court clarified, "to be significant or substantial the injury need not be so grave as to cause the victim ' "permanent," "prolonged," or "protracted" ' bodily damage." (*Id*. at p. 64.)

---

[5]    At the time of the offenses, the relevant language was contained in former section 12022.7, subdivision (f). Given the absence of any change in the language at issue, we quote the current statute for purposes of clarity here and throughout this opinion.

We review a challenge to the sufficiency of the evidence supporting a jury's true finding on a section 12022.7(a) enhancement under the same standard that applies to a challenge to the sufficiency of the evidence to support a conviction. (*People v. Escobar* (1992) 3 Cal.4th 740, 750.) "In considering a sufficiency of the evidence claim, we review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. . . . Substantial evidence is evidence that reasonably inspires confidence and is of solid value." (*People v. Collins* (2025) 17 Cal.5th 293, 307 [cleaned up].) And as our high court explained in *Escobar*, whether the harm resulting to the victim constitutes great bodily injury is a question of fact for the jury. (*Escobar*, at p. 750.) "If there is sufficient evidence to sustain the jury's finding of great bodily injury, we are bound to accept it, even though the circumstances might reasonably be reconciled with a contrary finding." (*Ibid.* [cleaned up].) However, " '[t]he substantial evidence rule mandates consideration of the weight of the evidence before deferring to [any] conclusions drawn from the evidence by the trier of fact.' " (*Collins*, at p. 307.)

Here, neither Martinez nor Moreno testified at trial. Avila's testimony did not provide much on the nature of their injuries, describing each men's injury only as "a little wound." The police officer who responded to the hospital to speak with the victims testified each sustained one apparent "stab wound[ ]." The People introduced photographs taken of the victim's injuries at the hospital, and the parties stipulated to the admission of the subpoenaed medical records for both victims. Notably, the People did not offer any

7

witness to meaningfully explain the significance of the photographs or medical records.

We find insufficient evidence to support a finding that Moreno suffered great bodily injury. One photograph showed a puncture wound of an undetermined size to Moreno's back and another photograph showed bandaging to Moreno's back. According to his medical records, Moreno was initially admitted to Tri-City Medical Center for treatment of a "2 cm laceration to [the] left mid back" with "no uncontrolled bleeding." He complained of "mild pain," received "[w]ound care," and x-rays were normal. He was transferred to Scripps Memorial Hospital La Jolla for a "higher level of care," but the Tri-City medical records do not indicate why. At Scripps, the attending doctor observed a "1.5 cm linear stab wound to [the] back" and concluded his injury was "a *superficial laceration* with no penetration even close to the chest wall or the fascia." (Boldface omitted, italics added.) Two hours after admission to the Scripps hospital, Moreno was discharged home.

Considering the three types of evidence discussed in *Cross,* Moreno's 1.5 or 2 centimeter "superficial laceration," without more, is not a "significant or substantial physical injury." (§ 12022.7, subd. (f)(1); see *Cross, supra,* 45 Cal.4th at p. 66.) The severity of the injury was described by the attending doctor as "superficial," and the photographic evidence does not add more; Moreno's pain was "mild"; and, based on the evidence in the record, the medical care required to treat or repair his injury consisted of no more than bandaging. (*Cross*, at p. 66.)

Contrary to the People's assertion, "[t]he mere wound alone is [*not*] sufficient to support the great bodily injury finding." And although the parties' comparison with other cases is of limited utility in our review of the sufficiency of the evidence in this case, we note even the cases relied on by

8

the People show why the nature of Moreno's injury is insufficient for a great bodily injury finding. (See *People v. Bustos* (1994) 23 Cal.App.4th 1747, 1755 ["multiple abrasions, lacerations and contusions"]; *People v. Corona* (1989) 213 Cal.App.3d 589, 592 ["severely swollen" jaw, cuts on arms, face and chin, "bruises on . . . neck, head, and back"]; *People v. Jaramillo* (1979) 98 Cal.App.3d 830, 836 [multiple contusions causing painful swelling and discoloration a day later]; compare *People v. Martinez* (1985) 171 Cal.App.3d 727, 735–736 [evidence of superficial lacerations held not sufficient to prove great bodily injury].)

Although on appeal all evidence must be viewed in the light favorable to the judgment, the evidence must still be substantial and inspire confidence. We conclude there is insufficient evidence to support the jury's true finding that Moreno suffered great bodily injury under section 12022.7(a).

But we reach a different result as to the section 12022.7(a) enhancement involving Martinez in count 1. Although a photograph of Martinez depicted an approximate 1 centimeter wound to his left shoulder, the Tri-City Medical Center records described his wound as a "3 cm laceration" to the left shoulder requiring six sutures after a wound exploration revealed no nerve, muscle, or tendon damage. Martinez also reported "mild" pain. Although a very close call, we conclude these circumstances provide sufficient evidence to sustain the jury's finding of great bodily injury as to Martinez. Thus, we are bound to accept it, even though the circumstances might reasonably be reconciled with a contrary finding.

For the reasons stated, we reverse the jury's true finding on the great bodily injury enhancement and strike the one-year sentence under section 12022.7(a) associated with count 2. When part of a sentence is stricken on

9

review, on remand for resentencing "a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances." (*People v. Navarro* (2007) 40 Cal.4th 668, 681, citing *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1259 ["upon remand for resentencing after the reversal of one or more subordinate counts of a felony conviction, the trial court has jurisdiction to modify every aspect of the defendant's sentence on the counts that were affirmed, including the term imposed as the principal term"].)

DISPOSITION

The true finding under section 12022.7(a) associated with count 2 is reversed and the one–year sentence imposed under section 12022.7(a) for count 2 is stricken. The judgment is affirmed as modified, and the matter is remanded for a full resentencing to allow the trial court to exercise its sentencing discretion in light of the changed circumstances.

DO, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.

10